1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   NATHANIEL WALLACE,                    1:11-cv-01983-LJO-DLB (HC)

10                         Petitioner,

11          v.                           ORDER DISMISSING PETITION FOR WRIT
                                         OF HABEAS CORPUS WITH LEAVE TO
                                         AMEND
12

13   CA. DEPARTMENT OF CORRECTIONS       [Doc. 1]
     AND REHABILITATION, et.al.,

14                         Respondents.

15   _____/

16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on December 1, 2011.

19   Petitioner contends that prison officials have refused to place his sentencing transcript in his

20   central file.

21                                   DISCUSSION

22          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

24   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

25   4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

26   (9th Cir.1990).

27

28

I.   Improper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner names the California Department of Corrections and the California Department of Corrections and Rehabilitation as Respondents. Although Petitioner is currently in the custody of the California Department of Corrections, it cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

II.   Exhaustion State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state

1  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v.

2  Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509,

3  518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

4       A petitioner can satisfy the exhaustion requirement by providing the highest state court

5  with a full and fair opportunity to consider each claim before presenting it to the federal court.

6  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

7  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

8  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

9  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

10  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11  Additionally, the petitioner must have specifically told the state court that he was raising a

12  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood,

13  133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial

14  court violated his due process rights "he must say so, not only in federal court but in state court."

15  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

16  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

17  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

18  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

19  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

20  must include reference to a specific federal constitutional guarantee, as well as a statement of the

21  facts which entitle the petitioner to relief.").

22       Additionally, the petitioner must have specifically told the state court that he was raising

23  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

24  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

25  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

26       Petitioner does not indicate whether he has exhausted the state court remedies with

27  respect to any cognizable habeas corpus claims.  To the extent, Petitioner wishes to raise claims

28  cognizable under § 2254, the claims must have been exhausted to the state's highest court.

III.     Failure to State a Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner does not allege facts that point to a real possibility of constitutional error that affected the legality or duration of his confinement.  Thus, Petitioner has not alleged facts that would entitle him to habeas relief.  Thus, the petition must be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, although Petitioner has not alleged facts that would entitle him to relief, it is possible that Petitioner could allege such facts.  Accordingly, Petitioner will be granted leave to file a first amended petition.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

4

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is DISMISSED;

2.      Within thirty (30) days Petitioner shall file an amended petition; and

3.      Failure to comply with this order will result in dismissal of the petition and such

        dismissal constitutes an adjudication on the merits.  Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

**Dated:**   **January 4, 2012**                          **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE