# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WALLACE, | 1:11-cv-01983-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 14] |
| CA. DEPARTMENT OF CORRECTIONS AND REHABILITATION, et.al., | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 1, 2011.  On January 4, 2012, the Court dismissed the petition and granted Petitioner permission to file an amended petition.

On January 13, 2012, Petitioner filed an amended petition.  On February 8, 2012, the Court directed Respondent to file a response to the amended petition.

On April 10, 2012, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim.  Petitioner filed an opposition on April 27, 2012, and a second untimely opposition on May 21, 2002. .

## DISCUSSION

I.  Procedural Grounds For Motion To Dismiss

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  The power vested in district courts to summarily dismiss defective petitions demonstrates clear Congressional intent to provide Article III judges with "ample discretionary authority to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions raising serious questions."  Lonchar v. Thomas, 517 U.S. 314, 324-326 (1996).

II.   Successive Petition

In the amended petition, Petitioner argues that his due process and equal protections rights were violated by CDCR's failure to place a copy of the sentencing transcript in his prison file to compare to his abstract of judgment to determine the length of his sentence.

The Court takes judicial notice of the fact that Petitioner has previously filed a petition for writ of habeas corpus in United States District Court for the Southern District of California, case number 3:08-1146-LAB-POR, Wallace v. Small, raising the same challenge as the instant petition.[1]  The petition was denied on the merits on February 16, 2011.  In adopting the Magistrate Judge's Report and Recommendation, the District Judge specifically held as follows:

> The basis of Wallace's petition is that he was never sentenced to life imprisonment for attempted murder [count 4] because the trial judge never actually *pronounced* a sentence on the proper count.  The record and the R&R make abundantly clear, though, that the trial judge simply misspoke: after pronouncing a sentence for counts 1, 2, 3, 5, and 6, he said, "With respect to Count III, you are sentenced to life imprisonment."  (R&R at 7.)  He obviously meant to say "Count IV."  In light of this, all of Wallace's habeas claims fail: (1) the trial court *did* impose a sentence of life imprisonment for the second attempted murder count; (2) the CDCR didn't sentence him as much as it determined his release date on the basis of his Abstract of Judgment; and (3) Wallace *did* receive the trial of which he has a constitutional right."

(3:08-1146-LAB-POR; ECF No. 79.) (emphasis in original)

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

Case 1:11-cv-01983-LJO-DLB   Document 19   Filed 05/25/12   Page 4 of 4

Petitioner has previously filed a federal habeas corpus petition raising the same challenge set forth in the instant petition which was denied on the merits. Thus, the instant petition for writ of habeas corpus is successive and must be dismissed. Because the Court finds that the instant petition is successive, the Court need not determine whether the claim raised in the instant petition presents a federal constitutional challenge.[2]

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 25, 2012**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] However, the Court notes that the Southern District of California denied a motion to dismiss for failure to state a cognizable claim in Petitioner's prior case (3:08-1146-LAB-POR), finding:

> At present, this Court is unable to determine whether Petitioner's FAP states a cognizable claim . Respondent filed its MTD without a record of Petitioner's judgment or sentencing hearing, and without any showing of the relevance of these matters in relation to an Abstract of Judgment."

(3:08-1146-LAB-POR; ECF No. 70.)